UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>     v.<br><br>ARACELI SALAS,<br><br>                    Defendant. | CASE NO. 2:22-cr-00180-LK<br><br>ORDER ON MOTIONS TO SEAL<br>(DKT. NOS. 372, 374) |

This matter comes before the Court on two motions to seal: (1) the Government's motion to seal Exhibit A to its sentencing memorandum, Dkt. No. 372, and (2) Defendant Araceli Salas's motion to seal her sentencing memorandum, Dkt. No. 374. Neither motion is opposed. For the reasons explained below, the Court grants the Government's motion and grants Ms. Salas's motion in part.

                                            I.      DISCUSSION

**A.    Legal Standards**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of*

ORDER ON MOTIONS TO SEAL (DKT. NOS. 372, 374) - 1

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). District courts therefore "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Despite the public's right to access documents in criminal proceedings, a document may remain under seal when (1) sealing a document serves a compelling interest (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Parson*, No. 3:15-cr-05262-DGE, 2002 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

## B.     The Government's Motion to Seal is Granted (Dkt. No. 372)

The Government moves to seal Exhibit A to its sentencing memorandum. Dkt. No. 372 at 1. It states that Exhibit A (Linesheets) contains "the contents of judicially authorized interception of wire and oral communications," including communications from individuals who have not been charged in this matter, and 18 U.S.C. § 2517 "requires that these wiretap interceptions be sealed and remain so except under narrowly defined circumstances, including while giving testimony under oath." *Id*. at 1–2; *see also* Dkt. No. 373 (sealed Exhibit A).

Section 2517 limits when information collected from wiretapping may be disclosed. Courts in the Ninth Circuit have interpreted the statutory provisions as "prohibiting the public disclosure of [wiretapping] material until after it has been admitted into evidence in a criminal trial or at a suppression hearing." *United States v. Rand*, No. 3:16-cr-00029-MMD-WGC, 2016 WL 6208265, at *3 (D. Nev. Oct. 24, 2016); *see also United States v. Kwok Cheung Chow*, No. 14-cr-00196-CRB (JCS), 2015 WL 5094744, at *3 (N.D. Cal. Aug. 28, 2015) ("Courts have generally held that in light of Title III's purpose of safeguarding privacy, the statute's list of permissible disclosures

1   is exclusive—in other words, 'what is not permitted [under § 2517] is forbidden.'" (quoting *United States v. Dorfman*, 690 F.2d 1230, 1234 (7th Cir. 1982)).

The Court has reviewed the document at issue, which comprises the contents of judicially authorized interceptions of wire and oral communications, including communications with individuals who have not been charged in this matter. Dkt. No. 373. Redaction is not a feasible alternative to sealing. The Court finds that the document may remain under seal pursuant to 18 U.S.C. § 2517. *See Kwok Cheung Chow*, 2015 WL 5094744, at *7.

**C.    Ms. Salas's Motion to Seal is Granted in Part (Dkt. No. 374)**

Ms. Salas moves to seal her sentencing memorandum because "it contains sensitive personal information." Dkt. No. 374 at 1. Although the motion only mentions the sentencing memorandum, Ms. Salas filed each of the exhibits to the memorandum under seal as well. Dkt. Nos. 375-1–375-9. Having reviewed the memorandum, Dkt. Nos. 375, 376, the Court agrees that it contains sensitive information that justifies it remaining under seal, and that redaction is not a feasible alternative. For the same reasons, Exhibit 1 to the sentencing memorandum may also remain under seal. Dkt. No. 375-1. Additionally, Ms. Salas may file a substitute version of Exhibit 2 on the public docket with the sensitive personal information in paragraph 3 redacted, Dkt. No. 375-2, and she must file a substitute version of Exhibit 6 with the minor child's name redacted, Dkt. No. 375-6.

However, the Court denies Ms. Salas's motion to the extent she seeks to keep Exhibits 3 through 9 entirely under seal. The Court does not find any sensitive personal information in those exhibits.

## II.    CONCLUSION

The Court GRANTS the Government's motion to seal. Dkt. No. 372. Exhibit A may remain under seal. Dkt. No. 373.

| | |
|---|---|
| 1 | The Court GRANTS IN PART Ms. Salas's motion to seal. Dkt. No. 374. The sentencing memorandum and Exhibit 1 may remain under seal. Dkt. Nos. 375, 376, 375-1. Within 14 days of this Order, Ms. Salas may file a substitute version of Exhibit 2 on the public docket with redactions to paragraph 3, Dkt. No. 375-2, and she must file a substitute version of Exhibit 6 with the minor child's name redacted, Dkt. No. 375-6. If Ms. Salas fails to timely file a substitute version of Exhibit 2, the Court will order that Clerk of Court unseal it. Finally, the Court ORDERS the Clerk of Court to unseal Exhibits 3 through 5 and 7 through 9: Dkt. Nos. 375-3, 375-4, 375-5, 375-7, 375-8, 375-9. |

Dated this 20th day of November, 2024.

*Lauren King*

Lauren King
United States District Judge